IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD SANCHEZ,

    Petitioner,

v.                                                        No. CV 07-0941 MV/CEG

MICHAEL HEREDIA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Richard Sanchez's (Sanchez) pro se petition for writ of habeas corpus under 28 U.S.C. § 2554. *See Doc. 1*. In his petition, Sanchez asserts that: (i) his counsel was ineffective for failing to object to an illegal search and seizure, (ii) his guilty plea was coerced, and (iii) the sentences entered in his cases are unlawful. *Id*. Because Sanchez has failed to completely exhaust available state court remedies, I recommend that the petition be dismissed without prejudice.

### Background

On March 6, 2006, Sanchez pled no contest to possession of a controlled substance (the possession case). *See Ex. B*. Sanchez's sentence was suspended and he was placed on supervised probation for a period of eighteen months. *See Ex. A*. On August 9, 2006, while on supervised probation, Sanchez was involved in a motor vehicle accident and was arrested for driving while under the influence of intoxicating liquor (DWI). *See Ex. C*. His probation was subsequently revoked, and, on April 23, 2007, he was sentenced to a term of eighteen months incarceration. *See Ex. E*.

In the DWI proceedings, Sanchez pled no contest to: (i) aggravated DWI, (ii) open container, (iii) driving while license suspended or revoked, (iv) no proof of insurance, and (v) careless driving. *See Ex. I*. Because Sanchez had five prior DWI convictions, the State filed a Supplemental Criminal Information on December 13, 2006 charging him with felony DWI. *See Ex. J*. On April 26, 2007, Sanchez was sentenced to a term of twenty-two months, which was to be served consecutive to his sentence in the possession case. *See H*.

Sanchez did not file an appeal in either case. On April 12, 2007, however, Sanchez filed a state petition for habeas corpus in the possession case. *See Ex. D*. That petition, which was assigned to Judge Douglas R. Driggers, is still pending. *See www.nmcourts.com/caselookup/app*; *Ex. G*. In his Answer, Respondent contends that the Court should dismiss Sanchez's petition with prejudice for failure to raise a constitutional violation. *See Doc. 11*. In the alternative, however, Respondent moves for dismissal of the complaint without prejudice for failure to exhaust available state court remedies. *Id*.

Analysis

In general, before a petitioner may seek review of a state conviction in federal court, he must exhaust all remedies before the state court system. *See* 28 U.S.C. § 2254(b),(c); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). In other words, a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to the federal court in a habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if the federal issue was properly presented to the highest state court in a post-conviction attack. *See Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In this case, Sanchez has failed to show that he has exhausted his available state court

remedies.  *See Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (habeas petitioner has burden of showing state court remedies have been exhausted).  When a habeas petitioner fails to show that he has exhausted his claims in state court, a federal court has two choices.  "First, it may dismiss the petition [without prejudice] and allow the petitioner to return to state court to exhaust his claims.  Second, it may deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies."  *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002).

Here, I find that Sanchez has not fully afforded the New Mexico state courts an opportunity to address the violations he alleges.  In this case, I recommend that the Court decline to exercise its discretion to address the petition on the merits and dismiss the petition without prejudice.  Once Sanchez has fully exhausted his claims in the state court post-conviction proceedings, he may then bring his constitutional claims to federal court by filing a new habeas corpus petition.  If he chooses to do so, he may wish to utilize the Court's form for § 2254 habeas petitions as opposed to a letter to the Court.

Wherefore,

IT IS HEREBY RECOMMENDED THAT the § 2254 petition be dismissed without prejudice for failure to exhaust state remedies.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE